IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCHAEL FRIED, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 24-305-GBW |
| ADAPTHEALTH LLC, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is the Motion to Recuse filed by one of the Delaware attorneys for Plaintiff Michael Fried, D.I. 6. For the reasons stated below, the Motion is denied.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Under § 455(a), the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). Because "the inquiry is an objective one,

the judge's actual subjective bias is not at issue, only the appearances of such bias." *Ballen v. Martin Chevrolet-Buick of Delaware*, 16 F.Supp.2d 449, 451 (D.Del. 1998) (*citing In re Antar*, 71 F.3d 97, 101 (3d. Cir. 1995) ("[T]he inquiry focuses not on whether the judge actually harbored subjective bias, but rather on whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias.").

Here, one of the Delaware attorneys for Plaintiff is requesting recusal of the judge based upon counsel's allegations of an argument between counsel and the judge which counsel admits, occurred at least fifteen (15) years ago and the judge believes more accurately occurred nearly twenty (20) years ago.[1] Counsel also asserts allegations, without the details of the who, what, when, and/or where, that, many years ago, the judge somehow prevented him from bringing in a client at the national firm because the judge did not agree with the political viewpoints of the prospective client. Significantly, other than counsel's bald allegations, counsel has offered no evidence to support any claim that the judge, nearly twenty (20) years after the incident on which the motion is based, harbors any animus or bias against the Delaware attorney moving for recusal, and no evidence or reason to support any claim that the judge has ever had any bias against Plaintiff Michael Fried or could not be impartial to Plaintiff Michael Fried. In fact, Mr. Pileggi is just one of

---

[1] The Delaware attorney that is the subject of the Motion for Recusal is Francis G.X. Pileggi.

2

the attorneys listed as Delaware counsel for Plaintiff Michael Fried on the filings in this action and at least one attorney from Wilentz, Goldman & Spitzer, P.A., the primary counsel for Plaintiff Michael Fried in this action, has already sought *pro hac vice* admission.

After careful consideration, the judge concludes that he has no actual bias or prejudice towards counsel for Plaintiff Michael Fried or Michael Fried and it is highly doubtful that any reasonable person, with knowledge of all the facts, would reasonably question the judge's impartiality. Moreover, under the circumstances, the judge believes that it is a sound exercise of his judicial discretion to deny the motion for recusal and keep the case. *See, e.g., Diversified Numismatics v. City of Orlando*, 949 F.2d 382, 385 (11th Cir. 1991) ("Although it is conceivable that a judge could harbor such ill-will toward an attorney that the attorney's clients would also be prejudiced, we have not been pointed to any evidence of a continuing bias on the part of [the judge]. . . . Tempers do cool, and anger does dissipate."); *United States v. Martorano*, 866 F.2d 62, 68-69 (3d Cir. 1989) (district judge did not abuse his discretion by denying a recusal motion that was based, in part, on co-defendants testimony that district judge physically assaulted co-defendant during co-defendant's separate criminal trial); *In re Beard*, 811 F.2d 818, 830 (4th Cir. 1987) ("Bias against an attorney is not enough to require disqualification under §455 unless petitioners can show that such a controversy would demonstrate a bias against the

3

party itself. . . . For the bias against the attorney to require disqualification of the trial judge, it must be of a **continuing** and personal nature and not simply bias against the attorney because of his conduct.") (emphasis added); *United States v. Carignan*, 600 F.2d 762, 764 (9th Cir. 1979) (affirming the district court's decision to deny appellant's motion for recusal where squabble between judge and appellant's counsel occurred more than four (4) years prior to trial and there was no evidence to suggest that there was a continuing dispute since the squabble).

For all these reasons, IT IS HEREBY ORDERED this 21st day of March 2024 that the Motion (D.I. 6) is DENIED.

*[signature]*

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE