**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL FRIED,<br>Plaintiff,<br>v.<br>ADAPTHEALTH, LLC,<br>Defendant. | Civil Action No. 24-305-GBW |

**MEMORANDUM ORDER**

This is an action arising from Defendant AdaptHealth, LLC's ("Defendant" or "Adapt") alleged breach of the parties' Employment Agreement and their subsequent Severance Agreement and General Release. *See* D.I. 72 at 1. Plaintiff Michael Fried ("Plaintiff" or "Mr. Fried") alleges that Defendant failed to pay him the full amount owed under the agreements and also violated the Delaware Wage Payment and Collection Act. *See id.* Defendant denies that it owes Plaintiff additional compensation under the agreements and disputes whether the Delaware Wage Payment and Collection Act is applicable to this action. *See id.* A bench trial in this action is scheduled to begin on October 19, 2026.

Now pending before the Court is Defendant's Motion *in Limine* (D.I. 72-1, Ex. D), which has been fully briefed (*see id.*). As set forth below, the parties have reached agreement as to one of the two issues raised in Defendant's Motion *in Limine*. For the reasons set forth below, the Court approves the parties' proposal as to that issue. The Court also grants Defendant's request for an exemption from sequestration as to Christopher Joyce ("Mr. Joyce").

## I. LEGAL STANDARDS

"A motion *in limine* is designed to 'narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Chervon (HK) Ltd. v. One World Techs., Inc.*, C.A. No. 19-1293, 2025 WL 2630480, at *1 (D. Del. Feb. 5, 2025) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). While many motions *in limine* must be resolved before trial, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Biogen Inc. & Biogen Ma Inc. v. Sandoz Inc.*, C.A. No. 22-1190-GBW, 2025 WL 1260954, at *2 (D. Del. May 1, 2025) (citation omitted).

## II. DISCUSSION

Defendant's Motion *in Limine* initially made two requests. *First*, Defendant sought "to exclude from trial deposition testimony from any witness appearing live at trial (most notably [Mr. Joyce]) other than for the purposes of impeachment." D.I. 72-1, Ex. D at 3.[1] As indicated in the parties' proposed pretrial order and Defendant's reply, the parties have since reached an agreement as to this issue. *See* D.I. 72 at 45 ("The parties have reached a compromise that resolves the first dispute, subject to the Court's approval."); D.I. 72-1, Ex. D at 13 ("Subsequent to the exchange of Defendant's Motion *in limine* and Plaintiff's Oppositon thereto, the parties resolved the deposition-testimony issue subject to the Court's approval of the parties' proposed procedure."). The Court hereby approves the parties' second proposal. *See* D.I. 72 at 35 & 46 (setting forth two proposals). The parties will be permitted to read or play the relevant designated testimony into the record after the completion of all live witness testimony.

[1] Citations to D.I. 72-1, Ex. D are to its ECF pagination.

*Second*, Defendant seeks an order exempting one of its proposed witnesses, Mr. Joyce, "from sequestration under Federal Rule of Evidence 615(a)(3) as an essential witness."[2] D.I. 72-1, Ex. D at 3; *see also* D.I. 72 at 33 (stating that Defendant intends to call Mr. Joyce at trial).[3] Defendant asserts that Mr. Joyce (1) was "Adapt's general counsel during the transaction and personally handled the negotiations central to this case, including communications with [Mr.] Fried's counsel concerning the Employment Agreement and its Incentive Compensation Provision at issue," (2) "testified that, as Adapt's general counsel, he coordinated the transaction attorneys and served as Polsinelli's principal point of contact," and (3) has "unique, first-hand knowledge of the chronology, communications, and documents that will be addressed throughout trial." D.I. 72-1, Ex. D at 5 (citation omitted).

Plaintiff disagrees with Defendant and seeks denial of Defendant's request. *Id.* at 10. Plaintiff does not dispute the veracity of Defendant's factual assertions regarding Mr. Joyce's involvement in the underlying negotiations or that he has unique, first-hand knowledge of the facts underlying the key issues in this action. *See id.* Rather, Plaintiff contends that these assertions indicate only that Mr. Joyce is a "central fact witness," rather than an "essential" witness for the purpose of Rule 615(a)(3). *See id.* Plaintiff also contends that Defendant's argument is undermined by Mr. Joyce not being present for the depositions of Plaintiff's fact witnesses. *See*

---

[2] The parties' proposed pretrial order contains a provision stating that, "[i]n accordance with Federal Rule of Evidence 615, fact witnesses (except for Plaintiff and Defendant's designated corporate representative) identified on the parties' witness lists will be sequestered in the absence of an alternative agreement between the parties." D.I. 72 at 34.

[3] Several courts within the Third Circuit have addressed challenges under Federal Rule of Evidence Rule 615 at the motion *in limine* stage. *See, e.g.*, *United States v. Vaughn*, No. CR 14-23 (JLL), 2016 WL 3406228, at *1 (D.N.J. June 14, 2016); *R.D. v. Shohola, Inc.*, No. 3:16-CV-01056, 2019 WL 6133748, at *1 (M.D. Pa. Nov. 19, 2019); *cf. Forest Lab'ys, Inc. v. Ivax Pharms., Inc.*, No. CXIV.A. 03-891JJF, 2006 WL 6293849, at *5 (D. Del. Feb. 21, 2006) (granting request for sequestration of fact witnesses, subject to certain restrictions).

*id.* Finally, Plaintiff cites concerns as to whether Mr. Joyce will be influenced by other witnesses. *See id.*

The Court begins with the text of the rule. "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own." Fed. R. Evid. 615(a). The rule "does not authorize excluding . . . (3) any person whose presence a party shows to be essential to presenting the party's claim or defense . . . ." *Id.* "Sequestration of witnesses under Rule 615 serves two related purposes. The first purpose is to prevent a witness from shaping his testimony in light of the testimony of other witnesses. . . . The second purpose of Rule 615 is to facilitate the exposure of false testimony and other credibility problems." 29 Wright & Miller, Fed. Prac. & Proc. Evid. § 6242 (2d ed., Apr. 2026).

Defendant contends that Mr. Joyce falls within the third exception to Rule 615. D.I. 72-1, Ex. D at 5. "As the party asserting a Rule 615(3) exception, [Defendant] bears the burden for showing that the exception applies." *Brown v. Kia Motors Corp.*, No. 2:06-CV-804, 2010 WL 135121, at *1 (W.D. Pa. Jan. 9, 2010) (collecting cases). "The decision to permit a witness to remain in the courtroom is within the sound discretion of the Court." *Id.* (citation omitted). This exception is sometimes referred to as the "essential" exception, which the Third Circuit has observed "applies most often in cases involving expert witnesses." *Indem. Ins. Co. of N. Am. v. Electrolux Home Prods., Inc.*, 520 F. App'x 107, 112 (3d Cir. 2013). The advisory committee notes to Rule 615 state that the essential exception "contemplates such persons as *an agent who handled the transaction being litigated* or an expert needed to advise counsel in the management of the litigation." Fed. R. Evid. 615 advisory committee notes (emphasis added).

In support of their position, both parties cite *Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co. of New York*, 519 F. Supp. 668 (D. Del. 1981). *See also United States v. Agnes*, 753 F.2d 293, 306 (3d Cir. 1985), *abrogated in part and on other grounds by Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998) (citing affirmatively to *Cannon*). As relevant here, the plaintiff in *Cannon* contended that its witnesses fell within the essential exception. 519 F. Supp. at 678. Recognizing that, "[p]resumably, every witness has essential testimony or evidence," the court reasoned that the plaintiff had to show that the "witness ha[d] such specialized expertise or intimate knowledge of the facts of the case that [the] party's attorney could not effectively function without the presence and aid of the witness or that the witness would be unable to present essential testimony without hearing the trial testimony of other witnesses." *Id.* Applying this standard, the court specifically exempted from sequestration one of the plaintiff's witnesses – who had "acted as [the plaintiff's] attorney in its dealings with [the defendant] and conducted the state court litigation" that gave rise to the action – citing the same advisory committee note above. *See id.* at 679 (stating that these facts made the attorney that "the individual most familiar with all the complex factual details underlying this case and an individual without whose presence [the plaintiff's] attorney probably could not effectively represent his client at trial").

Based upon the record presented, the Court agrees with Defendant that Mr. Joyce is "essential" within the meaning of Rule 615(a). The parties do not dispute that Mr. Joyce was the individual that handled the negotiations that are central to this case on behalf of Defendant. Furthermore, Defendant represents that "[Mr. Joyce's] knowledge is needed to assist counsel as the trial record unfolds." D.I. 72-1, Ex. D at 13; *see also* Wright & Miller, *supra*, § 6245. Like the attorney in *Cannon*, Mr. Joyce is likely, at least of Defendant's proposed witnesses, "the individual most familiar with all the complex factual details underlying this case and an individual

without whose presence [Defendant's] attorney probably could not effectively represent his client at trial." 519 F. Supp. at 679. Finally, under the circumstances of this action, the Court is not persuaded that the policy interests undergirding sequestration will be undermined if Mr. Joyce is not sequestered. The Court expects that Mr. Joyce will testify truthfully and neither party has suggested otherwise. In addition, the Court will be the finder of fact at the bench trial and can readily ascertain if Mr. Joyce has shaped or tailored his testimony in light of other witnesses. For the foregoing reasons, the Court will grant Defendant's second request and will exclude Mr. Joyce from any witness sequestration order entered in this action.[4]

## III. CONCLUSION

For the reasons set forth above, the Court approves the parties' agreement as to the first issue raised in Defendant's Motion *in Limine*. The Court also grants Defendant's request as to the second issue raised in Defendant's Motion *in Limine*.

* * *

[4] In its opposition, Plaintiff asserts that one of its own witnesses, Neil Prupis, Esq. ("Mr. Prupis"), would fall within the same exception for similar reasons. *See* D.I. 72-1, Ex. D at 10. However, Plaintiff did not provide any additional facts indicating how Mr. Prupis would be essential to Plaintiff's case in the same manner. Given that the Court is permitting Mr. Joyce to attend trial and will not require him to be sequestered, the Court will require the parties to meet and confer to see if they can reach agreement with respect to whether Mr. Prupis should be entitled to the same treatment. If the parties are unable to reach agreement, the Court will grant Plaintiff an opportunity to make a similar showing.

WHEREFORE, at Wilmington this 13th day of October 2026, **IT IS HEREBY ORDERED** that Defendant's Motion *in Limine* (D.I. 72-1, Ex. D) is GRANTED-IN-PART as follows:

1. The parties will be permitted to read or play the designated testimony into the record after the completion of all live witness testimony.
2. Mr. Joyce will not be required to be sequestered during the trial.
3. Prior to the pretrial conference scheduled in this action, the parties shall meet and confer regarding whether Mr. Prupis may be exempted from sequestration during trial. If the parties are unable to reach an agreement, they may raise the issue at the pretrial conference.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE